RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 9/16/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NOBLE ENERGY, INC. | : | DOCKET NO. 09-748 |
| VS. | : | JUDGE TRIMBLE |
| THE PROSPECTIVE INVESTMENT AND TRADING COMPANY, LTD. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Noble's Motion for Partial Summary Judgment on its Burden of Proof as to Liability" (R. #124) wherein the mover seeks to have the court rule in advance of trial as to its burden of proof at trial. Specifically, Noble Energy, Inc. ("Noble") maintains that because defendant, The Prospective Investment and Trading Company, Ltd. ("PITCO"), refused Noble's tender of defense, under Oklahoma law,[1] Noble need only prove that it was potentially liable, not actually liable on the claim for which it seeks indemnity. PITCO, on the other hand, maintains that Oklahoma law requires that Noble prove that it was actually liable to the plaintiff in the underlying lawsuit because Noble failed to provide sufficient notice of the settlement, depriving PITCO of the opportunity to participate in the settlement negotiations and either approve the settlement or assume Noble's defense.

## FACTUAL STATEMENT

On September 13, 1999, Samedan Oil Corporation (now, Noble) agreed to sell PITCO, among other properties, its interest in a mineral lease affecting the Cameron Meadows Field in Cameron

---

[1] Neither party disputes that Oklahoma law governs given that the PSA expressly provides such. Plaintiff's exhibit 1, p. 37, ¶ 22.4.

Parish, Louisiana.[2] Noble, by merger, is the successor in interest of Samedan. On October 26 and 28, 1999, Noble and PITCO executed an Assignment and Bill of Sale ("Assignment") of Noble's interest affecting the Cameron Meadows Field.[3] On August 23, 2002, Dore Energy Corporation ("Dore"), owner of the Cameron Meadows Field, filed an environmental contamination lawsuit against several defendants including Samedan and PITCO entitled <u>Dore Energy Corp. v. Carter-Langham, Inc. et al,</u> No. 10-16202[4] (the "Dore Lawsuit").

On October 12, 2005, pursuant to the PSA and Assignment, Noble demanded that PITCO defend, indemnify and hold Noble harmless against the claims asserted in the Dore Lawsuit.[5] PITCO ultimately denied Noble's demand. PITCO determined that Noble was not entitled to defense or indemnity under the PSA. PITCO and Noble worked together as co-defendants in the lawsuit and also engaged in joint settlement negotiations with Dore in the latter part of 2006 and 2007; the negotiations failed. Thereafter, PITCO was dismissed on summary judgment as to its liability. In 2009 Noble settled with Dore. Because of PITCO's decision not to defend or indemnify which was clearly communicated to Noble, Noble decided to settle with Dore without including PITCO.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

---

[2] Noble exhibit 1.

[3] Noble exhibit 2.

[4] Noble exhibit 3.

[5] Noble exhibit 4.

moving party is entitled to judgment as a matter of law."[6] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[7] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[8] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[9] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[10] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[11] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[12] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[13]

---

[6] Fed. R.Civ. P. 56(c).

[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[8] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[9] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[10] Anderson, 477 U.S. at 249.

[11] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[12] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[13] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

In this suit for indemnity, Noble maintains that it is undisputed that it tendered defense and indemnity to PITCO in the Dore Lawsuit, and that PITCO refused to defend and to indemnify Noble. Thus, Noble argues that by denying Noble's tender of defense and indemnity, PITCO refused the opportunity to control Noble's defense of the Dore Lawsuit and its settlement negotiations with Dore. Noble relies on an October 12, 2005 letter as its formal demand that PITCO defend, indemnify and hold Noble harmless against all claims asserted in the Dore lawsuit. Noble also relies on the deposition testimony of Adam Singer, PITCO's president wherein Mr. Singer acknowledged that by November 11, 2005, PITCO had decided that it would not defend or indemnify Noble.[14]

Noble relies on Chicago, R.I. & P.R. Co. v. Dobry Flour Mills, Inc.[15] In Dobry Flour, the Tenth Circuit, applying Oklahoma law, held that:

> where the indemnitor denies liability under the indemnity contract and refuses to assume the defense of the claim, then the indemnitee is in full charge of the matter and may make a good faith settlement without assuming the risk of being able to prove absolute legal liability or the actual amount of the damage. . . .

Other courts have held similar rulings.[16] "A contrary rule would make the right to settle meaningless in cases where the indemnitor has denied liability."[17]

PITCO remarks that while Oklahoma law generally requires that an indemnitee prove actual

---

[14] Noble exhibit 6, pp. 108-111.

[15] 211 F.2d 785 (10th Cir.), cert. denied, 348 U.S. 832, 75 S.Ct. 55 (1954).

[16] Missouri Pacific R.R. Co. v. Kansas Gas & Electric Co., 862 F.2d 796 (10th) Cir. 1988); Coco v. Jaskunas,986 A.2d 531, 535 (N.H.2009); MT Builders, L.L.C. v. Fisher Roofing, Inc., 197 P.3d 758, 769 (Ariz.Ct.App.2008); Burlington Northern, Inc. v. Hughes Bros., Inc., 671 F.2d 279, 283 (8th Cir. 1982).

[17] Chicago, R.I., 211 F.2d at 788.

(as opposed to potential) liability in order to obtain indemnity for a settlement, it permits a settling indemnitee to carry the lower burden of proving potential liability only when the indemnitee gave the indemnitor notice of the proposed settlement sufficient to provide the indemnitor with an "opportunity to approve the settlement, participate in settlement negotiations, or assume the defense of the underlying claim."[18] "When the indemnitee has not given the indemnitor an opportunity to review, pass upon, or participate in the settlement, due process and equity require the indemnitee to demonstrate actual as opposed to potential liability."[19] PITCO argues that even though Noble made demand for defense and indemnity, which PITCO steadfastly refused, Noble did not notify PITCO before settling with the plaintiff. Thus, it is PITCO's position that Noble must now prove that it was actually liable to the plaintiff in the Dore lawsuit before it can obtain indemnity from PITCO.

Noble argues that its 2005 demand and PITCO's refusal to defend and indemnify is sufficient notice, whereas, PITCO argues that while it initially refused the tender of defense and indemnify, because Noble did not notify PITCO that it was settling the case, Noble is now required under Oklahoma law to prove actual liability at trial as opposed to potential liability.

> [W]here the party having a duty to indemnify has been notified or been made a party to the underlying proceedings and given an opportunity to participate in its settlement negotiations, courts have concluded that the defendant-indemnitee should not be required to prove the plaintiff's actual ability to recover the amount paid in the settlement. It is sufficient if the defendant-indemnitee proves that he was potentially liable to the plaintiff.[20]

Requiring proof of actual liability is the general rule, from which a "potential liability

---

[18] Caterpillar Inc. v. Trinity Industries Inc., 134 P.3d 881, 888 (Okla.Civ.App.2005), cert. denied. (Apr. 10, 2006).

[19] In re Cooper Mfg. Corp., 131 F.Supp.2d 1238, 1253 (N.D. Okla. 2001).

[20] Valloric v. Dravo Corp., 178 W.Va. 14, 357 S.E.2d 207, 211-12 (1987).

exception" may be made after weighing the policy interests in encouraging settlements against considerations of fairness to putative indemnitors.[21] "Notice sufficient to give the indemnitor a meaningful opportunity to defend is the indispensable element to be proven by the party seeking indemnity. If the indemnitor declines either to approve the settlement or to take over the defense, the indemnitee is required to prove only its potential liability to the plaintiff."[22] There are no rigid rules regarding the type of notice which the indemnitee must give to the indemnitor. The primary concern is fairness to the indemnitor. A formal tender of defense is not required, rather notice and an opportunity to participate is all that is necessary.[23]

In the In re Cooper case relied upon by PITCO, the indemnitee kept the indemnitor apprised of the case which included sending deposition transcripts, discovery material and pleadings. Also, the indemnitor was given notice of the indemnity claim and the settlement negotiations. Thus, the court found that because the indemnitor was kept apprised of the litigation, had notice of the indemnity claim and the settlement negotiations, and given an opportunity to object to the settlement, the indemnitee was required only to prove potential liability at trial.

In the instant matter, Noble tendered its defense to PITCO, but PITCO refused. PITCO continued to work with Noble to coordinate their defenses in the Dore Lawsuit,[24] including discussions of a joint settlement with Dore in 2006.[25] Between the time the joint settlement failed

---

[21] See, e.g., Frederick v. Hess Oil V.I. Corp., 642 F.2d 53, 56 (3d Cir.1981)(Seitz, C.J., dissenting).

[22] Atlantic Richfield Co. v.Interstate Oil Transport, 784 F.2d 106, 110-13 (2nd Cir. 1986).

[23] In re Cooper Mfg. Corp, 131 F. Supp.2d at 1253.

[24] PITCO's memorandum in opposition, p. 2, R. #136.

[25] Id. The parties abandoned the idea of a joint settlement in 2007.

in 2007 and Noble's eventual settlement with Dore in 2009, there were no further settlement talks concerning Noble and Dore between Noble and PITCO.[26] In May 2008, PITCO was dismissed on summary judgment from the Dore lawsuit, and even though PITCO made numerous attempts to contact counsel for Noble to obtain updates regarding Noble/Dore settlement negotiations, Noble did not provide any substantive responses.[27] Noble did not notify PITCO of its settlement negotiations and hence did not give PITCO the opportunity to object or participate therein.

Noble's Rule 30(b)(6) corporate representative, Aaron Carlson, testified that between the time the joint settlement failed in 2007 and the eventual settlement with Dore in 2009, Noble "did not communicate with [PITCO] on anything in specificity that I can remember on any settlement talks with Dore."[28] After PITCO was dismissed from the lawsuit, PITCO made attempts to contact Mr. Carlson and obtain updates regarding settlement discussions between Noble and Dore, but Noble did not provide any substantive responses.[29] Moreover, Noble did not seek PITCO's input, advice or consent with respect to any contemplated settlement of the Dore lawsuit.[30]

The Court finds that the facts of this case are distinguishable from the In Re Cooper case, and the Caterpillar Inc. v. Trinity Industries, Inc.[31] PITCO's refusal to accept the tender of defense

---

[26] Id., p. 3.

[27] PITCO exhibit 4, Gregory Z. Singer declaration, ¶ 6.

[28] PITCO exhibit 1, Carlson depo., pp. 223, lines 8-18, (R. #142-2).

[29] PITCO exhibit 4, Declaration of Gregory Z. Singer, ¶ 6.

[30] Id. ¶ 6.

[31] 134 P.3d 881 (Okla.Civ.App. Div. 2, 2005). The court notes that in Caterpillar Inc., there was no tender of defense, only notice of a claim for indemnity years after litigation had commenced, whereas in the instant lawsuit, Noble tendered its defense early on in the litigation which was refused by PITCO.

allowed Noble to take control of the case including its settlement negotiations with Dore. When PITCO refused to defend Noble in the Dore Lawsuit, Noble had no other choice but to defend itself which inherently included settling the lawsuit. The court further finds merit to Noble's argument that it would have been futile at this late stage of the litigation, to again seek PITCO's blessing and/or to let PITCO assume its defense. PITCO had already determined that it did not owe Noble defense and indemnity due to its position that Noble had no liability in the case, and/or that PITCO owed no indemnity to Noble due to Noble's alleged negligent, intentional and potentially criminal acts.[32] Ultimately, Noble gave PITCO the opportunity to defend the lawsuit early in the litigation; PITCO refused.[33] This caused Noble to have to defend itself which inherently included settling the lawsuit.

## CONCLUSION

For the reasons set forth above, the court finds that Noble's motion for partial summary judgment will be granted, and that Noble need only prove potential liability as opposed to actual liability at the trial of this matter.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of September, 2011.

```
                              _____
                              JAMES T. TRIMBLE, JR.
                              UNITED STATES DISTRICT JUDGE
```

---

[32] See Answer to Complaint, R. #14, 5th and 6th defense.

[33] See Terra Resources, Inc.v. Lake Charles Dredging & Towing, Inc., 555 F.Supp. 406, 407 (D.C. La. 1981).

8