RECEIVED

MAR 1 9 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOBLE ENERGY INC.** | : | **DOCKET NO. 09-748** |
| VS. | : | **JUDGE TRIMBLE** |
| **PROSPECTIVE INVESTMENT & TRADING CO. LTD.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

The court ordered that the parties submit memoranda concerning the admissibility of mock jury results, specifically those obtained by Noble Energy, Inc. in the underlying lawsuit, Dore v. Noble. Noble maintains that the mock jury research should be excluded from evidence at the trial of this matter, and that the expert witnesses should not be permitted to use that research as a basis for their opinions on liability and quantum because (1) mock trial exercises are not reliable predictors of actual jury verdicts, (2) the mock trial exercises are inadmissible under Rule 703 of the Federal Rules of Evidence because they are not reliable, and (3) the mock jury exercise in the Dore lawsuit was not intended to predict an actual jury verdict. With respect to a discounted damage award, Noble remarks that the jury research specifically cautioned that it would be difficult to know with certainty how much discounting will translate into actual dollars, particularly with a Cameron Parish jury that may have more of an emotional stake in cleaning up the local property.[1]

On the other hand, PITCO seeks to have the mock jury trial results admitted at the trial and relied upon by their experts. PITCO maintains that courts have admitted evidence of other survey-

---

[1] Noble exhibit B, at NOB.INDEM.0045162, March 2008 Research Study Results from R&D Strategic Solutions(the mock jurors were from the Lafayette area).

type evidence such as public opinion polls, customer surveys, focus group results and market results. PITCO argues that the mock jury trial results are "simply a specialized type of market survey or focus group."[2] PITCO also argues that the results are admissible under Rule 703 of the Federal Rules of Evidence if its probative value in helping the jury evaluate the expert's opinion substantially outweighs its prejudicial effect.

Noble remarks that in the mock jury trial, only a summation of the evidence was presented to the mock jurors, and the results are not predictive of the outcome of a full jury trial. Noble cites Caterpillar, Inc. v. Trinity Industries, Inc.,[3] wherein the court remarked that "allowing the introduction of mock jury results into evidence is fraught with danger and should be generally condemned." The court was concerned that there are few, if any, standards to ensure that jury composition, evidence and presentation were accurate reflections of the case, thus finding that if a mock jury trial cannot be shown to be a reliable predictor of a trial's outcome, it should not be allowed.

The undersigned does not believe that the results of the mock jury is appropriate as it has not been shown to be a reliable predictor of a trial's outcome. The court is concerned with the fact that the mock jury was not composed of Cameron Parish residents and not a full trial, but only a summation of the evidence, and a simulation without real consequences. Accordingly, the court finds that the mock jury trial evidence will not be admitted for purposes of experts reports or at the trial of this matter. However, the expert will be allowed to opine and testify, if the expert he/she has a factual basis for his/her opinion exclusive of the mock jury trial results. If the results of the mock

---

[2] R. #303, p. 2.

[3] 134 P.3d 881 (Okla. 2005)

juries were the sole or overriding factor of his/her opinion, he/she will not be able to testify at all.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of March, 2012.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE