RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  8 / 31 / 12
     DDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NOBLE ENERGY, INC. | : | DOCKET NO. 2:09-748 |
| VS. | : | JUDGE TRIMBLE |
| THE PROSPECTIVE INVESTMENT AND TRADING COMPANY, LTD. | : | MAGISTRATE JUDGE KAY |

### ORDER

Before the court is "Noble's Motion and Incorporated Memorandum for Leave to File Under Seal" (R. #373) wherein the mover seeks an order to seal the record of the April, 2012 trial of this matter and make publicly available a redacted version of the trial. Noble informs the court that the information it seeks to protect relates to confidential and protected information of Noble, PITCO and other third-parties in related proceedings. PITCO opposes the redaction of the following information:

* the monetary terms of the Dore Settlement

* internal communications among Noble and Noble's counsel discussing the settlement amounts negotiated by Noble and Dore which resulted in the Dore settlement

* any trial testimony including depositions

* expert reports of Holly Sharp and Philip Monteleone

PITCO is not opposed to redacting the following:

* the settlement agreement executed between Noble and Dore

* settlement communications exchanged between Noble and Dore

* settlement agreement executed between Transco and Dore

* private financial information such as bank account numbers

* attorney fee invoices for work done by Noble's attorneys in the Dore Lawsuit

The trial exhibits Noble seeks to have redacted or sealed are attached to Noble's memorandum as Exhibit 4.[1] PITCO complains that it is unable to respond to Noble's list of exhibits it proposes to redact because Noble has not shown exactly how or what it proposes to redact from the various exhibits.

PITCO maintains that because this case raises issues of public concern regarding environmental damage and legacy lawsuits, the Dore lawsuit should be part of the continuing public discussion of legacy lawsuits so that the legacy lawsuit problem might get fixed permanently. PITCO further asserts that it has a right to a public trial and decision. PITCO argues that Noble's request should be rejected because it is administratively not feasible and untimely. PITCO complains that Noble offers no explanation as to how it intends to accomplish the sealing and redaction of records. PITCO also argues that Noble will suffer no prejudice if the entire trial is made public because it faces no continuing liability for any misconduct at Cameron Meadows.

When determining whether to seal a record, the court must balance the common law right of access to the courts against the reasons offered for nondisclosure of information.[2] "When an order to seal is granted, it should be narrowly tailored to protect disclosure of only those portions of the record that meet the standard for protection."[3]

---

[1] R. #373-7.

[2] SEC v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993).

[3] See Media General Operators, Inc. v. Buchanon, 417 F.3d 424, 429 (4th Cir. 2005).

Noble remarks that the instant lawsuit is not a legacy lawsuit, but an attempt to enforce a contractual indemnity provision in a purchase and sale agreement. Noble notes that the public interest can be served in the Dore lawsuit itself which is in the public record. Noble argues that it has attempted to narrowly tailor its request to seal by only sealing those parts of the record containing sensitive information and make available in their place a transcript and exhibits with only the sensitive information redacted. Only those exhibits which contain so much confidential information that they cannot be conveniently redacted are to be sealed in their entirety.

Noble maintains that it will be prejudiced by publication of the amount of settlement and the settlement negotiations. Noble informs the court that part of its settlement agreement with Dore required that it keep the settlement amount and the negotiations leading to it secret, and to submit that information under seal in any legal proceeding. Noble asserts that even though PITCO argues that it will be prejudiced, it fails to mention how it will be prejudiced.

Noble suggests that after the court decides whether it will permit the requested redaction, it will then submit its proposed sealing and redactions to the court which will not require assistance from the court or PITCO.

The court is aware of the confidentiality obligations of parties settling a lawsuit and notes that at the very onset of this matter, Noble has attempted to keep information such as settlement negotiations, proprietary business or financial information etc, confidential,[4] and in fact, a significant portion of the record in this case has been filed pursuant to motions to file under seal. Paragraph 4.1

---

[4] See Stipulated Protective Order and Agreement Concerning Confidential Information, R. #26, ¶ 2, filed August 17, 2009.

of the Settlement Agreement between Dore and Noble requires Noble to keep the terms of the Settlement Agreement "strictly confidential" and further requires that Noble protect confidential information.[5] Significantly, the court finds that PITCO has failed to show that it would be prejudiced by Noble's request and furthermore, as noted by Noble, the Dore lawsuit itself is a matter of public record. Accordingly, the court will grant Noble's motion and issue the proposed order recommended by Noble (R. #376-3).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of August, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5] R. #373-4.